IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH INTERNATIONAL THOMAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT K. WONG, Acting Warden of California State Prison at San Quentin<br><br>　　　　Respondent. | No. C 93-0616 MHP<br><br>ORDER RE PETITIONER'S MOTION TO STRIKE |

On January 8, 2009, petitioner filed a Motion To Strike Allegations Set Forth In Section VIII (Additional Facts Developed In Post-Conviction Discovery) of the State's Answer to his amended habeas petition. On January 22, respondent filed an opposition. On February 10, 2009, petitioner filed a reply. For the reasons discussed below, petitioner's motion is granted.

## BACKGROUND

Petitioner was convicted and sentenced to death in Alameda County Superior Court in June 1986 for the murders of Greg Kniffen and Mary Gioia in Berkeley in the early morning hours of August 16, 1985. Kniffen and Gioia were followers of the Grateful Dead who had come to Berkeley for a concert. They were shot while staying at Rainbow Village, a homeless encampment on the shores of the San Francisco Bay. Gioia's body was seen floating in the San Francisco Bay on the morning of August 16. Kniffin's body was recovered from the water the next day. Petitioner was arrested shortly after the murders.

The Supreme Court of California affirmed petitioner's convictions and death sentence on April 23, 1992. *People v. Thomas*, 2 Cal. 4th 489 (1992). Petitioner subsequently filed two state habeas petitions, both of which were denied.

1  Petitioner filed a federal habeas petition containing exhausted and unexhausted claims on
2  April 15, 1996. This court stayed the federal petition pending petitioner's exhaustion of claims in
3  state court.

4  Petitioner filed a state exhaustion petition on August 1, 1997. On January 24, 2001, the
5  Supreme Court of California issued an Order To Show Cause. Following an evidentiary hearing
6  held in August and September 2002, the Supreme Court of California issued an opinion finding
7  petitioner's trial counsel's performance deficient for failing to investigate leads indicating that a third
8  person – a blond man known as "Bo" – could be the real killer. *In re Thomas*, 37 Cal. 4th 1249,
9  1253 (2006). Nonetheless, the court concluded that counsel's performance was not prejudicial
10 because an adequate investigation would have yielded only three additional witnesses, whose
11 testimony would not have swayed the jury given the strength of the prosecution's case. *Id*. at 1269-
12 77.

13 Following the conclusion of state exhaustion proceedings, petitioner filed the instant
14 amended petition on January 30, 2008. Respondent filed an answer on July 2, 2008. Petitioner filed
15 a traverse on January 9, 2009.

16 **ANALYSIS**

17 Petitioner requests that the court strike Section VIII (Additional Facts Developed In Post-
18 Conviction Discovery) of respondent's Answer on the grounds that it contains irrelevant and
19 prejudicial material. In Section VIII, respondent summarizes portions of the deposition testimony of
20 James Chaffee – petitioner's trial counsel, Kenneth Pollard – a coroner's investigator, Harry Shorman
21 – one of the cofounders of Rainbow Village, Megan Berry – a Grateful Dead follower, as well as
22 records relating to petitioner's prior criminal history.

23 Respondent opposes petitioner's request on the grounds that petitioner's Fed. R. Civ. P. 12(f)
24 motion is inapplicable to habeas proceedings under Rule 11 of the Rules Governing Section 2254
25 Cases, which provides that the federal rules of civil procedure apply in habeas proceedings only to
26 the extent that they are not inconsistent with habeas rules. Respondent alleges that here, Fed. R.
27 Civ. P. 12 (f) is inconsistent with Rule 5(c) of Rules Governing Section 2254 Cases and Northern
28 District Habeas Local Rule 2254-27(a)(3), both of which require the submission of the state record

2

in federal court.  Respondent asserts that the records containing the additional facts were properly lodged in compliance with these rules, and accordingly are properly before the court.

Fed. R. Civ. P. 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

> "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  Superfluous historical allegations are a proper subject of a motion to strike.

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted); *rev'd on other grounds*, 510 U.S. 517 (1994).

Contrary to respondent's assertions, Fed. R. Civ. P. 12(f) is not inconsistent with Rule 5(c) or Habeas L.R. 2254-27(a)(3).  Rule 5(c) requires respondent to submit with its answer those portions of the state record which respondent considers relevant.  Northern District Habeas Local Rule 2254-27(a)(3) requires that respondent lodge with the court copies of "petitioner's and respondent's pleadings in any state habeas corpus proceedings."  Nothing in these rule conflicts with a court's ability to strike redundant, immaterial, impertinent or scandalous matter from a pleading.  Neither Rule 5(c) nor Habeas L.R. 2254-27(a)(3) preclude the application of Fed. R. Civ. P. 12(f) to habeas proceedings.  Indeed, courts have routinely applied Fed. R. Civ. P. 12(f) to habeas proceedings.  *See*, *e.g.*, *Hale v. Howes*, No. 07-12397, 2008 W.L. 2858458 (E.D. Mich. 2008); *Ingels v. Jackson*, No. 00-01003, 2007 WL 201039 (S.D. Ohio 2007).

Here, under Fed. R. Civ. P. 12(f), Section VIII of the answer must be stricken as it contains irrelevant and prejudicial material.  In this section, respondent cites the following facts:

1) Trial counsel Chaffee testified that during a meeting, petitioner remarked that the authorities would never find his rifle;

2) Chaffee testified that petitioner told him that he disposed of the camouflage clothing he was wearing on the night of the murders by putting them in a collection box for the poor;

3) Coroner's investigator Kenneth Pollard testified that when Gioia's body was being pulled from the Bay, he heard petitioner, who was standing about 40 feet away, say "That's Mary" while the body was still face down in the water;

4) Harry Shorman, a co-founder of Rainbow Village, testified that he heard petitioner say

3

"That's Mary" as Gioia's body was being recovered;

5) Megan Berry, a Grateful Dead follower, testified that she once heard petitioner state that he never wanted to go back to jail again;

6) Petitioner had been previously convicted of violent sexual assaults on four women.

At issue in the amended habeas petition currently before the court are primarily petitioner's ineffective assistance of counsel claims. The court must decide: (1) whether counsel's performance was so deficient that it fell below an "objective standard of reasonableness" and (2) that the deficient performance was prejudicial, rendering the results of his trial unreliable or fundamentally unfair. *See Raley v. Ylst*, 470 F.3d 792, 799 (9th Cir. 2006) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). The facts outlined above are not relevant to the issue of whether petitioner's counsel was ineffective. As Mr. Chaffee admitted at the evidentiary hearing, petitioner's statements regarding his rifle and clothing had no effect on his trial strategy or preparation. Doc 11(n), lodged by respondent on Nov. 6, 2007, at 907. Similarly, the testimony of Harry Shorman and Kenneth Pollard regarding the identification of Gioia's body are not relevant to the issue of the adequacy of Chaffee's performance. Nor are they pertinent to the determination of prejudice, as there is no reason to conclude that had counsel's performance been adequate, additional *inculpatory* evidence would have been presented to the jury. Megan Barry's deposition testimony also is not relevant to the issue of Chaffee's performance. Finally, information pertaining to petitioner's prior criminal history is similarly irrelevant, as well as highly prejudicial.

## CONCLUSION

Because Section VIII contains immaterial and prejudicial information, petitioner's motion to strike Section VIII from the answer is GRANTED.

IT IS SO ORDERED.

DATED: May 4, 2009

Marilyn Hall Patel
United States District Judge

4